1  XAVIER BECERRA
   Attorney General of California
2  PAUL STEIN
   Supervising Deputy Attorney General
3  JOSHUA M. CAPLAN (SBN 245469)
   P. PATTY LI (SBN 266937)
4  CHAD A. STEGEMAN (SBN 225745)
   NATASHA SAGGAR SHETH (SBN 282896)
5  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3624
7    Fax:  (415) 703-5480
     E-mail:  Chad.Stegeman@doj.ca.gov
8  *Attorneys for Defendant*
   *22nd District Agricultural Association*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11

12

13

14  **B & L PRODUCTIONS, INC., d/b/a**     19-cv-0134-CAB-NLS
    **CROSSROADS OF THE WEST, et**
15  **al.,**                              **DEFENDANT 22nd DISTRICT**
                                          **AGRICULTURAL**
16                        Plaintiffs,     **ASSOCIATION'S ANSWER TO**
                                          **COMPLAINT FOR MONETARY,**
17              **v.**                    **DECLARATORY & INJUNCTIVE**
                                          **RELIEF**
18
    **22nd DISTRICT AGRICULTURAL**        Judge:  Hon. Cathy Ann Bencivengo
19  **ASSOCIATION,**                      Action Filed: January 21, 2019

20                        Defendant.

21

22

23

24

25

26

27

28
                                    1

1       The sole remaining Defendant, 22nd District Agricultural Association,

2   answers the Complaint For Monetary, Declaratory & Injunctive Relief

3   ("Complaint") in paragraphs that correspond to the numbered paragraphs in the

4   Complaint, as follows:

5                          **INTRODUCTION**

6       1.    Defendant admits that Plaintiff B & L PRODUCTIONS, INC., d/b/a

7   CROSSROADS OF THE WEST ("Crossroads") has operated gun show events at

8   the Del Mar Fairgrounds ("Venue") for at least 30 years.  Defendant denies the

9   remaining allegations in Paragraph 1 of the Complaint for lack of sufficient

10  information or belief.

11      2.    Defendant admits that Crossroads has produced gun show events at the

12  Venue.  Defendant denies the remaining allegations in Paragraph 2 of the

13  Complaint for lack of sufficient information or belief.

14      3.    Defendant denies the allegations in Paragraph 3 of the Complaint for

15  lack of sufficient information or belief.

16      4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

17      5.    Defendant denies the allegations in Paragraph 5 of the Complaint.

18      6.    Defendant admits that Plaintiffs, by this action, seek declaratory and

19  injunctive relief against Defendant for purported violations of the U.S. Constitution.

20  Defendant admits that Plaintiffs, by this action, seek monetary damages, as well as

21  attorneys' fees and costs.  The remaining allegations contained in Paragraph 6 of

22  the Complaint constitute legal conclusions that require no response; to the extent a

23  response may be required, Defendant denies the allegations.

24      7.    Defendant denies the allegations in Paragraph 7 of the Complaint for

25  lack of sufficient information or belief.

26      8.    Defendant denies the allegations in Paragraph 8 of the Complaint.

27      9.    Defendant admits that Plaintiffs, by this action, seek declaratory relief

28  against Defendant for purported violations of the U.S. Constitution.  The remaining

allegations contained in Paragraph 9 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

10.   Defendant admits that Plaintiffs seek an injunction and denies the remaining allegations in Paragraph 10 of the Complaint.

11.   Following the Court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 11 concerning the individual defendants are moot, and thus no answer is required.  Defendant admits that Plaintiffs, by this action, seek recovery of fees and costs.

12.   The allegations contained in Paragraph 12 characterize the relief that Plaintiffs are seeking and Plaintiff's legal theories in this action, and as such, no response is required; to the extent a response may be deemed required, Defendant denies the allegations.

**THE PARTIES**

**I.   PLAINTIFFS**

13.   Defendant admits that Crossroads has produced gun show events at the Venue every year for at least 30 years.  Defendant denies the remaining allegations in Paragraph 13 of the Complaint for lack of sufficient information or belief.

14.   Defendant denies the allegations in Paragraph 14 of the Complaint for lack of sufficient information or belief.

15.   Defendant denies the allegations in Paragraph 15 of the Complaint for lack of sufficient information or belief.

16.   Defendant denies the allegations in Paragraph 16 of the Complaint for lack of sufficient information or belief.

17.   Defendant denies the allegations in Paragraph 17 of the Complaint for lack of sufficient information or belief.

18.   Defendant denies the allegations in Paragraph 18 of the Complaint for

1  lack of sufficient information or belief.

2       19.  Defendant denies the allegations in Paragraph 19 of the Complaint for

3  lack of sufficient information or belief.

4       20.  Defendant denies the allegations in Paragraph 20 of the Complaint for

5  lack of sufficient information or belief.  As to the allegations in Paragraph 20

6  concerning CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED

7  ("CRPA")'s standing, the allegations constitute legal conclusions that require no

8  response; to the extent a response may be required, Defendant denies the allegations

9  for lack of sufficient information or belief.

10       21.  Defendant denies the allegations in Paragraph 21 of the Complaint for

11  lack of sufficient information or belief.  As to the allegations in Paragraph 21

12  concerning SOUTH BAY ROD AND GUN CLUB, INC. ("South Bay")'s standing,

13  the allegations constitute the allegations constitute legal conclusions that require no

14  response; to the extent a response may be required, Defendant denies the allegations

15  for lack of sufficient information or belief.

16       22.  Defendant denies the allegations in Paragraph 22 of the Complaint for

17  lack of sufficient information or belief.

18  **II.   DEFENDANTS**

19       23.  Defendant admits that it is a state institution, governed by a nine-

20  member Board of Directors, each appointed by the Governor to serve a four-year

21  term.  Defendant admits that it manages the Venue.  Defendant admits that the

22  Board of Directors appoints a CEO charged with the daily operations of the

23  facilities, but maintains control over activities not delegated to the CEO, including

24  contracting with those seeking to host events, including gun-show events, at the

25  Venue.  To the extent Paragraph 23 of the Complaint asserts that the Venue is a

26  "public venue" for purposes of constitutional analysis, the allegation constitutes a

27  legal conclusion that requires no response; to the extent a response may be required,

28  Defendant denies the allegation.  Defendant denies the remaining allegations in

4

Paragraph 23.

24.     Following the Court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 24 concerning the individually named defendant Karen Ross are moot, and thus no answer is required.  To the extent the allegations alleged in Paragraph 24 are deemed pertinent to the remaining claims, Defendant admits that Secretary Ross is the Secretary of the California Department of Food and Agriculture, which entity is responsible for policy oversight of California fair venues and issues guidance for governance and contracting to agricultural districts throughout California, including Defendant District.  Defendant denies any remaining allegations in Paragraph 24.

25.  Following the Court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 25 concerning the individually named defendant Steve Shewmaker are moot, and thus no answer is required.  To the extent the allegations alleged in Paragraph 25 are deemed pertinent to the remaining claims, Defendant admits that Steve Shewmaker is the President of the 22nd District Agricultural Association Board of Directors and served on a two-person committee with Richard Valdez, Vice President of the Board of Directors, which committee recommended that the Board of Directors not consider contracts for gun shows through 2019 so that the District would be able to consider, among other things, public safety issues, and develop and adopt a formal policy for gun show events at the Venue.  Defendant denies the remaining allegations in Paragraph 25.

26.  Following the Court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 26 concerning the individually named defendant Richard Valdez are moot, and thus no answer is required.  To the extent the allegations alleged in Paragraph 26 are deemed pertinent to the remaining claims, Defendant admits that

Richard Valdez is the Vice President of the 22nd District Agricultural Association Board of Directors and that he, along with Steve Shewmaker, served on a two-person committee that recommended that the Board of Directors not consider contracts for gun shows through 2019 so that the District would be able to consider, among other things, public safety issues, and develop and adopt a formal policy for gun show events at the Venue.  Defendant denies the remaining allegations in Paragraph 26.

27.  Defendant denies the allegations in Paragraph 27 of the Complaint for lack of sufficient information or belief.

## JURISDICTION AND VENUE

28.  The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that this Court has jurisdiction to hear Plaintiffs' claims.

29.  The allegations contained in Paragraph 29 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that this Court has authority, as a general matter, to render declaratory judgments and issue injunctive relief.

30.  The allegations contained in Paragraph 30 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that it is located in San Diego County and that venue is proper in this Court.

## FACTUAL ALLEGATIONS

### I.   REGULATION OF GUN SHOW EVENTS IN CALIFORNIA

31.  Defendant admits that the state of California has a regulatory regime applicable to commerce in firearms and ammunition, as well as to the operation of gun show events.  Defendant denies the remaining allegations in Paragraph 31.

32.  Defendant admits that the state of California has a regulatory regime contained in the Penal Code applicable to the operation of gun show events.  The

6

remaining allegations contained in Paragraph 32 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required Defendant denies the allegations.

33.  The allegations contained in Paragraph 33 of the Complaint constitute statements of law that require no response; to the extent a response may be required, Defendant admits the allegations in Paragraph 33 of the Complaint.

34.  The allegations contained in Paragraph 34 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code sections speak for themselves, and denies any remaining allegations.

35.  The allegations contained in Paragraph 35 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code sections speak for themselves, and denies any remaining allegations.

36.  The allegations contained in Paragraph 36 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

37.  The allegations contained in Paragraph 37 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

38.  The allegations contained in Paragraph 38 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

39.  The allegations contained in Paragraph 39 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is

required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

40.  The allegations contained in Paragraph 40 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

41.  The allegations contained in Paragraph 41 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section speaks for itself, and denies any remaining allegations.

42.  Defendant denies the allegation that loss of a license could cost a producer "hundreds of thousands of dollars in lost revenue" for lack of sufficient information or belief.  The remaining allegations contained in Paragraph 42 constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code section, California Penal Code section 24245(a), speaks for itself, and denies any remaining allegations.

43.  Defendant denies the allegations that Plaintiffs diligently operate all of their gun shows in accordance with state law, and take immediate remedial measures if irregularities are discovered, for lack of sufficient information or belief.  The remaining allegations contained in Paragraph 43 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code sections speak for themselves, and denies any remaining allegations.

44.  The allegations contained in Paragraph 44 of the Complaint constitute statements of law for which no answer is required; to the extent an answer is required, Defendant admits that the cited code sections (California's Gun Show Enforcement and Security Act of 2000 [Penal Code sections 27300-27350]) speak for themselves, and denies any remaining allegations.

45.  Defendant admits that it requires metal detectors at each entrance door to any gun show held at the Venue.  Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46.  Defendant denies the allegations in Paragraph 46 of the Complaint.

## II.   THE GUN SHOW CULTURAL EXPERIENCE

47.  Defendant denies the allegations in Paragraph 47 of the Complaint for lack of sufficient information or belief.

48.  Defendant denies the allegations in Paragraph 48 of the Complaint for lack of sufficient information or belief.

49.  Defendant denies the allegations in Paragraph 49 of the Complaint for lack of sufficient information or belief.

50.  Defendant denies the allegations in Paragraph 50 of the Complaint for lack of sufficient information or belief.  The reference to case law within Paragraph 50 and the accompanying footnote 2 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

51.  Defendant denies the allegations in Paragraph 51 of the Complaint for lack of sufficient information or belief.

52.  Defendant denies the allegations in Paragraph 52 of the Complaint for lack of sufficient information or belief.

53.  Defendant denies the allegations in Paragraph 53 of the Complaint for lack of sufficient information or belief.

54.  Defendant denies the allegations in Paragraph 54 of the Complaint for lack of sufficient information or belief.

55.  Defendant denies the allegations in Paragraph 55 of the Complaint for lack of sufficient information or belief.

56.  Defendant denies the allegations in the second sentence of Paragraph 56 Defendant denies the allegations in the first sentence of Paragraph 56 for lack of

1    sufficient information or belief.

2        57.  The allegations contained in Paragraph 57 of the Complaint constitute

3    statements of law for which no answer is required; to the extent an answer may be

4    required, Defendant denies the allegations for lack of sufficient information or

5    belief.

6    **III.  THE DEL MAR FAIRGROUNDS VENUE**

7        58.  Defendant admits that it is a state institution and that its affairs are

8    managed by the Board of Directors.  Defendant admits that it is charged with

9    managing and operating the Venue.  Defendant denies the remaining allegations in

10   Paragraph 58 of the Complaint.

11       59.  Following the Court's ruling on Defendants' Motion to Dismiss

12   granting dismissal of the individually named defendants, the allegations in

13   Paragraph 59 concerning the individual defendant Ross are moot, and thus no

14   answer is required.  To the extent the allegations alleged in Paragraph 59 are

15   deemed pertinent to the remaining claims, Defendant admits the allegations in

16   Paragraph 59.

17       60.  Defendant admits the allegations in Paragraph 60 of the Complaint.

18       61.  Defendant denies the first two sentences in Paragraph 61 for lack of

19   sufficient information or belief.  Defendant denies the remaining allegations in

20   Paragraph 61 of the Complaint.

21       62.  Defendant admits that portions of the Venue are available to rent by

22   members of the public for private events.  Defendant also admits that it is a state

23   institution under Food & Agricultural Code section 3953.  The remaining

24   allegations contained in Paragraph 62 of the Complaint constitute legal conclusions

25   that require no response; to the extent a response may be required, Defendant

26   admits that the cited judicial decisions speak for themselves, and denies any

27   remaining allegations.

28       63.  Defendant admits that the Venue is used by many different groups for

large gatherings of people, including concerts, festivals, and industry shows. Defendant denies the remaining allegations for lack of sufficient information or belief.

64.   Defendant admits that it contracts for available space at the Venue and denies the remaining allegations in Paragraph 64 of the Complaint.

65.   Defendant admits that the Venue strives to be an accessible facility in compliance with the requirements of Title II of the Americans with Disabilities Act of 1990.  The remaining allegations contained in Paragraph 65 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

66.   Defendant admits that, on the Venue's website, it states that its mission is "[t]o manage and promote a world-class, multi-use, public assembly facility with an emphasis on agriculture, education, entertainment and recreation in a fiscally sound and environmentally conscientious manner for the benefit of all."  To the extent that the allegations contained in Paragraph 65 of the Complaint constitute legal conclusions, they require no response; to the extent a response may be required, Defendant denies the allegations.

67.   Defendant admits that criminal activity has occurred at other non-gun-show events that have taken place at the Venue.  Defendant denies the allegation that "[t]hese criminal incidents are no more likely to happen at a gun show event that the non-gun-show event[,]" for lack of sufficient information or belief. Defendant denies the remaining allegations in Paragraph 67 of the Complaint.

## IV.   CONTRACTING TO RENT THE DEL MAR VENUE

68.   Defendant admits the allegations in Paragraph 68.

69.   Defendant denies the allegations in Paragraph 69 of the Complaint for lack of sufficient information or belief.

70.   Defendant denies the allegations in Paragraph 70 of the Complaint.

71.   Defendant denies the allegations in Paragraph 71 of the Complaint.

72.  Defendant denies the allegations in Paragraph 72 of the Complaint for lack of sufficient information or belief.

73.  Defendant denies the allegations in Paragraph 73 of the Complaint for lack of sufficient information or belief.

74.  Defendant denies the allegations in Paragraph 74 of the Complaint for lack of sufficient information or belief.

75.  Defendant denies the allegations in Paragraph 75 of the Complaint.

76.  Defendant denies the allegations in Paragraph 76 of the Complaint for lack of sufficient information or belief.

77.  Defendant denies the allegations in Paragraph 77 of the Complaint for lack of sufficient information or belief.

## V.   DEFENDANTS BAN GUN SHOW EVENTS AT THE VENUE

78.  Defendant denies the allegations in Paragraph 78 of the Complaint for lack of sufficient information or belief.

79.  Defendant denies the allegations in Paragraph 79 of the Complaint for lack of sufficient information or belief.

80.  Defendant denies the allegations in Paragraph 80 of the Complaint.

81.  Defendant denies the allegations in Paragraph 81 of the Complaint for lack of sufficient information or belief.  The reference to case law within Paragraph 81 constitutes a legal conclusion that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations

82.  Defendant admits that it began a series of meetings and public-comment periods to consider public safety at gun show events at the Venue. Defendant denies the remaining allegations in Paragraph 82 of the Complaint.

83.  Defendant admits the allegations in Paragraph 83 of the Complaint.

84.  Defendant admits that Board President Steve Shewmaker and Board Vice President Richard Valdez served on the Board's Contracts Oversight

Committee which was tasked, in part, with studying the operation of gun shows at the Venue and providing a recommendation about future contracts for gun shows. Defendant denies the remaining allegations in Paragraph 84.

85. Defendant admits the letter cited in Paragraph 85 of the Complaint, attached as Exhibit 10 to ECF No. 14-5 (filed April 17, 2019) speaks for itself. Defendant denies any remaining allegations.

86. Defendant admits the letter cited in Paragraph 86 of the Complaint, attached as Exhibit 11 to ECF No. 14-5 (filed April 17, 2019), speaks for itself. The remaining allegations contained in Paragraph 86 of the Complaint constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decisions speaks for itself, and denies the remaining allegations.

87. Defendant admits the letter cited in Paragraph 87 of the Complaint and attached as Exhibit 6 thereto, speaks for itself. Defendant admits that at least two licensed attorneys serve on the District's Board of Directors. The remaining allegations contained in Paragraph 87 of the Complaint are legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

88. Defendant admits that, at the public hearing on September 11, 2018, the Board's Contracts Oversight Committee made the recommendations outlined in Ex. 7 attached to the Complaint, which document speaks for itself. Defendant denies the allegation that the Committee was "ad hoc."

89. Defendant admits that the Board's Contracts Oversight Committee proposed that it would present a proposed policy to the Board no later than the December 2019 Board meeting. Defendant denies the remaining allegations in Paragraph 89 of the Complaint.

90. Defendant admits that, at the September 11, 2018 Board Meeting, Board President Shewmaker stated that he was "done drinking the Kool-Aid."

Defendant denies the remaining factual allegations in Paragraph 90 of the Complaint.  The reference to case law within Paragraph 90 of the Complaint constitutes a legal conclusion that requires no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

91.  Defendant denies the allegations in Paragraph 91 of the Complaint for lack of sufficient information or belief.

92.  Defendant denies the allegations in Paragraph 92 of the Complaint.

93.  Defendant denies the allegations in Paragraph 93 and the footnote thereto for lack of sufficient information or belief.

94.  Defendant admits that, on September 11, 2018, it voted to refrain from entering into gun show contracts for one year through 2019 while it studied public safety concerns about gun shows at the Venue, among other things.  Defendant denies the remaining allegations in Paragraph 94 of the Complaint.

95.  Defendant denies the allegations in Paragraph 95 of the Complaint.

96.  Defendant denies the allegations in Paragraph 96 of the Complaint.

## VI. EFFECT OF THE GUN SHOW BAN ON PLAINTIFFS

97.  Defendant denies the allegations in Paragraph 97 of the Complaint for lack of sufficient information or belief.

98.  Defendant denies the allegations in Paragraph 98 of the Complaint for lack of sufficient information or belief.

99.  Defendant denies the allegations in Paragraph 99 of the Complaint for lack of sufficient information or belief.

100.  Defendant denies the allegations in Paragraph 100 of the Complaint.

101.  Defendant denies the allegations in Paragraph 101 of the Complaint.

102.  Defendant denies the allegations in Paragraph 102 of the Complaint.

103.  Defendant denies the allegations in Paragraph 103 of the Complaint.

104.  Defendant denies the allegations in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations in Paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint constitute a summary of Plaintiffs' legal allegations and conclusions of law, and contains speculation for which no answer is required; to the extent a response may be required, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

## Violation of Right to Free Speech Under U.S. Const., amend. I

## 42 U.S.C. § 1983

108.    Defendant incorporates its answers to Paragraphs 1 through 107 in answer to Paragraph 108 of the Complaint.

109.    Defendant admits the allegations in Paragraph 109 of the Complaint.

110.    The allegations contained in Paragraph 110 constitute legal statements that require no response; to the extent a response may be required, Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

111.    The allegations contained in Paragraph 111 constitute legal statements that require no response; to the extent a response may be required, Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

112.    Defendant admits that the Venue is a state institution under Food & Agricultural Code section 3953, and that portions of the Venue are rented out to individuals, community-based organizations and businesses, for private events, including for concerts, festivals, industry shows, and other uses.  Defendant denies any remaining allegations.

113.    Following the court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 113 concerning the individually named defendant Karen Ross are moot,

and thus no answer is required.  To the extent the allegations alleged in Paragraph 113 are deemed pertinent to the remaining claims, Defendant admits that Secretary Ross is the Secretary of the California Department of Food and Agriculture. Defendant denies any remaining allegations.

114.   Defendant denies that it, as well as former Defendants Shewmaker and Valdez interpret, implement, and enforce the policies of the Department of Food and Agriculture as regards the Venue.  The remaining allegations contained in Paragraph 114 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

115.   Defendant denies the allegations in Paragraph 115 of the Complaint for lack of sufficient information or belief.

116.   The allegations contained in Paragraph 116 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

117.   Defendant denies it acted with the intention of permanently banning all gun shows at the Venue or that it acted based on its opposition to Plaintiffs' "pro-gun rights" viewpoint.  The balance of the allegations contained in Paragraph 117 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

118.   The allegations contained in Paragraph 118 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

119.   Defendant denies the allegations in Paragraph 119 of the Complaint.

120.   The allegations contained in Paragraph 120 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

**Violation of Right to Free Speech Under U.S. Const., amend. I**

**42 U.S.C. § 1983**

(By Plaintiff Crossroads Against All Defendants)

121.    Defendant incorporates its answers to Paragraphs 1 through 120 in answer to Paragraph 121 of the Complaint.

122.    Defendant admits the allegations in Paragraph 122 of the Complaint.

123.    The allegations contained in Paragraph 123 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

124.    The allegations contained in Paragraph 124 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

125.    The allegations contained in Paragraph 125 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

126.    Defendant admits Paragraph 126 that the Venue is a state institution under Food & Agricultural Code section 3953, and that portions of the Venue are rented out to individuals, community-based organizations and businesses, for private events, including for concerts, festivals, industry shows, and other uses. Defendant denies any remaining allegations.

127.    Following the court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 127 concerning the individually named defendant Karen Ross are moot, and thus no answer is required.  To the extent the allegations alleged in Paragraph

127 are deemed pertinent to the remaining claims, Defendant admits that Secretary Ross is the Secretary of the California Department of Food and Agriculture. Defendant denies any remaining allegations.

128.   Defendant denies that it, as well as former Defendants Shewmaker and Valdez interpret, implement, and enforce the policies of the Department of Food and Agriculture as regards the Venue.  The remaining allegations contained in Paragraph 128 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

129.   Defendant denies the allegations in Paragraph 129 of the Complaint for lack of sufficient information or belief.

130.   The allegations contained in Paragraph 130 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

131.   Defendant denies it acted with the intention of permanently banning all gun shows at the Venue or that it acted based on its opposition to Plaintiffs' "pro-gun rights" viewpoint.  The remaining allegations contained in Paragraph 131 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

132.   The allegations contained in Paragraph 132 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

133.   Defendant denies the allegations in Paragraph 133 of the Complaint.

134.   Defendant denies the allegations in Paragraph 134 of the Complaint.

135.   Defendant denies the allegations in Paragraph 135 of the Complaint.

136.   The allegations contained in Paragraph 136 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

Defendant's Answer to Complaint  (19-cv-0134-CAB-NLS)

**THIRD CAUSE OF ACTION**

**Violation of Right to Free Speech Under U.S. Const., amend. I**

**42 U.S.C. § 1983**

(By Plaintiffs Walsh and Ammo Bros. Against All Defendants)

137.    Defendant incorporates its answers to Paragraphs 1 through 136 in answer to Paragraph 137 of the Complaint.

138.    Defendant admits the allegations in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

140.    The allegations contained in Paragraph 140 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

141.    Defendant admits in Paragraph 141 that the Venue is a state institution under Food & Agricultural Code section 3953, and that portions of the Venue are rented out to individuals, community-based organizations and businesses, for private events, including for concerts, festivals, industry shows, and other uses.  Defendant denies any remaining allegations.

142.    Following the court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 142 concerning the individually named defendant Karen Ross are moot, and thus no answer is required.  To the extent the allegations alleged in Paragraph 142 are deemed pertinent to the remaining claims, Defendant admits that Secretary Ross is the Secretary of the California Department of Food and Agriculture. Defendant denies any remaining allegations.

143.   Defendant denies that it, as well as former Defendants Shewmaker and Valdez interpret, implement, and enforce the policies of the Department of Food and Agriculture as regards the Venue.  The remaining allegations contained in Paragraph 143 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

144.   Defendant denies the allegations in Paragraph 144 of the Complaint for lack of sufficient information or belief.

145.   The allegations contained in Paragraph 145 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

146.   Defendant denies it acted with the intention of permanently banning all gun shows at the Venue or that it acted based on its opposition to Plaintiffs' "pro-gun rights" viewpoint.  The remaining allegations contained in Paragraph 146 constitute legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

147.   The allegations contained in Paragraph 147 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

148.   Defendant denies the allegations in Paragraph 148 of the Complaint.

149.   The allegations contained in Paragraph 149 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

150.   The allegations contained in Paragraph 150 constitute argument and legal conclusions that require no response; to the extent a response may be required, Defendant denies the allegations.

### FOURTH CAUSE OF ACTION

### Prior Restraint on Right to Free Speech Under U.S. Const., amend. I

### 42 U.S.C. § 1983

(By All Plaintiffs Against All Defendants)

151. Defendant incorporates its answers to Paragraphs 1 through 150 in answer to Paragraph 151 of the Complaint.

152. Defendant admits the allegations in Paragraph 152 of the Complaint.

153. The allegations contained in Paragraph 153 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

154. The allegations contained in Paragraph 154 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decisions speak for themselves, and denies the remaining allegations.

155. The allegations contained in Paragraph 155 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

156. The allegations contained in Paragraph 156 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

157. Following the court's ruling on Defendants' Motion to Dismiss granting dismissal of the individually named defendants, the allegations in Paragraph 157 concerning the individually named defendant Karen Ross are moot, and thus no answer is required. To the extent the allegations alleged in Paragraph 157 are deemed pertinent to the remaining claims, Defendant admits that Secretary

1 Ross is the Secretary of the California Department of Food and Agriculture.

2 Defendant denies any remaining allegations.

3      158.    Following the court's ruling on Defendants' Motion to Dismiss

4 granting dismissal of the individually named defendants, the allegations in

5 Paragraph 158 concerning the individually named defendant Karen Ross are moot,

6 and thus no answer is required.  To the extent the allegations alleged in Paragraph

7 158 are deemed pertinent to the remaining claims, Defendant admits that Secretary

8 Ross is the Secretary of the California Department of Food and Agriculture.

9 Defendant denies any remaining allegations.

10      159.    Defendant denies that it, as well as former Defendants Shewmaker

11 and Valdez interpret, implement, and enforce the policies of the Department of

12 Food and Agriculture as regards the Venue.  The remaining allegations contained in

13 Paragraph 159 constitute legal conclusions that require no response; to the extent a

14 response may be required, Defendant denies the allegations.

15      160.    Defendant admits that it has authority, under Food & Agricultural

16 Code section 4051, to enter into contracts for activities at the Venue.  Defendant

17 denies the remaining allegations in Paragraph 160.

18      161.    Defendant denies the allegations in Paragraph 161 of the Complaint.

19      162.    The allegations contained in Paragraph 162 constitute argument and

20 conclusions of law to which no answer is required; to the extent an answer may be

21 required, Defendant denies the allegations.

22      163.    The allegations contained in Paragraph 163 constitute argument and

23 legal conclusions that require no response; to the extent a response may be required,

24 Defendant denies the allegations.

25      164.    The allegations contained in Paragraph 164 constitute argument and

26 legal conclusions that require no response; to the extent a response may be required,

27 Defendant denies the allegations.

28

Defendant's Answer to Complaint  (19-cv-0134-CAB-NLS)

## FIFTH CAUSE OF ACTION

**Violation of Right to Assembly and Association Under U.S. Const., amend. I**

**42 U.S.C. § 1983**

(By All Plaintiffs Against All Defendants)

165.    Defendant incorporates its answers to Paragraphs 1 through 164 in answer to Paragraph 165 of the Complaint.

166.    The allegations contained in Paragraph 166 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

167.    Defendant denies the allegations in Paragraph 167 of the Complaint for lack of sufficient information or belief.

168.    Defendant denies the allegations in Paragraph 168 of the Complaint.

169.    The allegations contained in Paragraph 169 constitute argument and conclusions of law to which no answer is required; to the extent an answer may be required, Defendant denies the allegations..

170.    The allegations contained in Paragraph 170 constitute argument and conclusions of law to which no answer is required; to the extent a response may be required, Defendant admits that the cited judicial decision speaks for itself, and denies the remaining allegations.

## SIXTH CAUSE OF ACTION

**Violation of the Right to Equal Protection Under U.S. Const., amend. XIV**

**42 U.S.C. § 1983**

(By All Plaintiffs Against All Defendants)

171.    Defendant incorporates its answers to Paragraphs 1 through 170 in answer to Paragraph 171 of the Complaint.

172.    The allegations contained in Paragraph 172 constitute legal conclusions that require no response; to the extent a response may be required,

Defendant admits that the Constitution and the cited statute speak for themselves, and denies the remaining allegations.

173.   The allegations contained in Paragraph 173 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decisions speak for themselves, and denies the remaining allegations.

174.   The allegations contained in Paragraph 174 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decisions speak for themselves, and denies the remaining allegations.

175.   Defendant admits that the Venue has been used to host gun shows in the past, and that it is currently considering potential changes to its rules and policies respecting gun shows at the Venue.  Defendant denies that the District is currently disallowing Crossroads use of the Venue for gun shows, as two gun shows are planned for the remainder of 2019.  Defendant denies the remaining allegations in Paragraph 175 for lack of sufficient information or belief.

176.   Defendant denies the allegations in Paragraph 176 of the Complaint.

177.   The allegations contained in Paragraph 177 constitute legal conclusions that require no response; to the extent a response may be required, Defendant admits that the cited judicial decision speak for itself, and denies the remaining allegations.

178.   Defendant denies the allegations in Paragraph 178 of the Complaint.

## SEVENTH CAUSE OF ACTION

### Conspiracy to Violate Civil Rights

### 42 U.S.C. § 1985

(By All Plaintiffs Against All Defendants)

179.   Defendant incorporates its answers to Paragraphs 1 through 178 in answer to Paragraph 179 of the Complaint.

24

180.    Defendant denies the allegations in Paragraph 180 of the Complaint.

181.    Defendant denies the allegations in Paragraph 181 of the Complaint.

182.    Defendant denies the allegations in Paragraph 182 of the Complaint.

183.    Defendant denies the allegations in Paragraph 183 of the Complaint.

184.    Defendant denies the allegations contained in Paragraph 184 of the Complaint.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

## PRAYER FOR RELIEF

Answering Plaintiffs' Prayer for Relief immediately following paragraph 184 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief set forth in any of the fourteen separately enumerated paragraphs therein, or to any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

In addition, without admitting any allegations contained in the Complaint, Defendant asserts the following separate and affirmative defenses based on information and belief:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs have failed to mitigate their damages, if there are any.

Defendant's Answer to Complaint  (19-cv-0134-CAB-NLS)

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that the damages, if any, suffered by Plaintiffs were proximately caused in whole or in part by the wrongful and/or negligent acts, conduct or omissions of other parties, including, Plaintiffs and third parties, and not by any wrongdoing or negligence on the part of Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not knowingly or intentionally waived any applicable defense or affirmative defense.  Defendant reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer, defenses, and/or affirmative defenses accordingly.  Defendant further reserves the right to amend the Answer to delete defenses and/or affirmative defenses that he determines are not applicable after subsequent discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1.  Plaintiffs take nothing by the Complaint and garner no relief in this case;

2.  Judgment be entered in favor of Defendant;

3.  The Court order that Plaintiffs compensate Defendant for the reasonable costs that Defendant expends in defending this case; and

4.  The Court grant such other and further relief, in favor of Defendant and adverse to Plaintiffs, that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands under Federal Rule of Civil Procedure Rule 38 that this matter be tried by and before a jury on all issues triable by a jury.

Defendant's Answer to Complaint  (19-cv-0134-CAB-NLS)

1 | Dated:  July 3, 2019                           Respectfully submitted,

2                                                   XAVIER BECERRA
                                                    Attorney General of California
3                                                   PAUL STEIN
                                                    Supervising Deputy Attorney General
4                                                   JOSHUA M. CAPLAN
                                                    P. PATTY LI
5                                                   NATASHA SAGGAR SHETH
                                                    Deputy Attorneys General
6

7                                                   S / CHAD A. STEGEMAN
                                                    CHAD A. STEGEMAN
8                                                   Deputy Attorney General
                                                    *Attorneys for Defendant*
9                                                   *22nd District Agricultural Association*

10 | SA2019100346
    | Answer to B  L Complaint.docx (002).docx
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Answer to Complaint  (19-cv-0134-CAB-NLS)