C.D. Michel (SBN 144258)
Anna M. Barvir (SBN 268728)
Tiffany D. Cheuvront (SBN 317144)
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Ste. 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com
  *Attorneys for Plaintiffs B & L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Lawrence Walsh, Maximum Wholesale, Inc., California Rifle & Pistol Association, Incorporated, South Bay Rod and Gun Club, Inc.*

Donald Kilmer (SBN 179986)
Law Offices of Donald Kilmer, APC
1645 Willow Street Suite 150
San Jose, CA 95125
Telephone: (408) 264-8489
Fax: (408) 264-8487
Email: Don@DKLawOffice.com
  *Attorney for Plaintiff Second Amendment Foundation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B & L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST, et al.,<br><br>Plaintiffs,<br>v.<br>22nd DISTRICT AGRICULTURAL ASSOCIATION, et al.,<br><br>Defendants. | CASE NO.: 3:19-cv-00134-CAB-NLS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Date:       May 1, 2020<br>Judge:     Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT.<br><br>Action Filed: January 21, 2019 |

## I. INTRODUCTION

The operative complaint in this matter asserts constitutional claims against California's 22nd Agricultural District and seeks to enjoin the District's moratorium on gun shows ("the Moratorium") at the Del Mar Fairgrounds ("the Venue"). Since Plaintiffs filed the complaint, Assembly Bill 893, which expressly prohibits the sale of firearms and ammunition at the Venue beginning January 1, 2021, has become law. AB 893's prohibition is merely the District's Moratorium repackaged. The legislative record suggests that its purpose is to skirt this Court's preliminary injunction ruling and anticipated permanent injunction. Whether by design or coincidence, AB 893 causes Plaintiffs the same constitutional injuries as the Moratorium, just in a more cosmetically subtle way. As a result, Plaintiffs now seek leave to file supplemental pleadings to address that new law and to include the appropriate state and local actors responsible for the law's enforcement.

## II. STATEMENT OF FACTS

### A. Case Background

Plaintiffs filed their original complaint on January 21, 2019, asserting seven causes of action. Six for violations under 42 U.S.C. §1983 of the rights to: (1) free speech (political); (2) free speech (mixed political/commercial); (3) free speech (commercial); (4) free speech (prior restraint); (5) assembly and association; and (6) equal protection. One for a violation under 42 U.S.C. §1985 for conspiracy to violate civil rights.

Following a joint motion between the parties on February 12, 2019, to extend Defendants' time to reply, Defendants filed a Motion to Dismiss the Complaint on March 27, 2019. Defendants argued that Plaintiffs failed to state a claim in any of their seven causes of action. Defs.' Mot. Dismiss at 11, 21. Defendants also argued that Plaintiffs' claims failed at least as against Defendants Shewmaker and Valdez based on absolute legislative immunity, and against Defendant Ross based on sovereign immunity. On April 17, 2019, Plaintiffs filed their Opposition to

Defendants Motion to Dismiss and simultaneously filed a Motion for Summary Judgment. Pls.' Mem. Supp. Oppn. Mot. Dismiss & Supp. Mot. for Summ. J. at 1.

Following a hearing on June 17, 2019, this Court denied in part and granted in part Defendants' Motion to Dismiss. Specifically, the Court dismissed all claims against Defendants Shewmaker, Valdez, and Ross, accepting their immunity defenses. Order Re Mot. Dismiss, Mot. Summ. J., Setting Disc. Sched. ("Order Re Mot. Dismiss"), ECF. No. 23, at 9. But the Court did not dismiss Plaintiffs' claims against the District. *Id.* at 7. The Court also denied Plaintiffs' Motion for Summary Judgment without prejudice, but sua sponte issued a preliminary injunction, enjoining enforcement of the moratorium and ordering the District to "make available the next available date for a gun show and allow [Plaintiff] B&L to reserve dates for gun show events (and to hold such events) at the Fairgrounds as the District would any other show promoters who have previously held events at the Fairgrounds." *Id.* at 2.

Since that order, the parties have engaged in significant settlement efforts, including a mediation session and regular telephonic and written communications. Jt. Mot. Recon. Ct. Order Den. Req. Extension, 2, ECF No. 38. While the parties were engaged in those efforts, however, Plaintiffs were made aware of a change to state law that would likely ban gun shows at the Venue once more. Plaintiffs now seek leave to file the supplemental complaint that is the subject of this motion.

### B.     Recent Change to the Law

On October 11, 2019, after the original pleading this case was filed, the Governor signed Assembly Bill No. 893 ("AB 893") into law. The bill provides, in relevant part, that beginning January 1, 2021:

> [A]n officer, employee, operator, lessee, or licensee of the 22nd District Agricultural Association, as defined in Section 3873, shall not contract for, authorize, or allow the sale of any firearm or ammunition on the property or in the buildings that comprise the Del Mar Fairgrounds in the County of San Diego, the City of Del Mar, the City of San Diego, or any successor or additional property owned, leased, or otherwise occupied or operated by the district.

Req. Jud. Ntc., Ex. 1; Cal. Pen. Code § 4158 (a), (d). In sum, AB 893 prohibits the District "from contracting for, or allowing the sale of firearms and ammunitions at the" Venue. Req. Jud. Ntc., Ex. 2.

The legislative history of AB 893 repeatedly references Plaintiffs, this matter, and this Court's order of preliminary injunction prohibiting the District from enforcing the Moratorium. *Id.*; *id.*, Ex. 4 at 3, 6. It cites the efforts of then-Lieutenant Governor Gavin Newsom to pressure "the Fair Board to end gun shows and put an end to valuing the sale of firearms above the value of lives." *Id.*, Ex. 3. And it expressly acknowledges that the bill was meant to provide legal cover to the District for its gun show moratorium, *id.*, Ex. 4 at 3, and would "effectively terminate the possibility for future gun shows at the [Venue]," *id.*, Ex. 4 at 6.

## III.   ARGUMENT

Federal Rules of Civil Procedure, rule 15(d) provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Under rule 15, a complaint may be supplemented to introduce claims not previously alleged if they are based on facts that were not in existence when the original complaint was filed. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). And, of course, the supplemental material "should have some relation to the claim set forth in the original pleading." *Keith v. Volpe*, 858 F. 2d 467, 474 (9th Cir. 1988) (quoting 3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985)).

"Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15, Notes of Advisory Committee on Rules—1963 Amendment. While the Court may deny supplemental pleadings, it should liberally allow them absent a *clear showing of prejudice* to the opposing party. *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). Indeed, allowing supplementation is favored because it furthers the purpose of rule 15(d), which "is to promote as

4
MEMO. OF POINTS & AUTHORITIES ISO MOT. TO FILE SUPP. COMPLAINT
19cv0134

complete an adjudication of the dispute between the parties as is possible." *LaSalvia v. United Dairymen of Ariz.,* 804 F.2d 1113, 1119 (9th Cir. 1986) (quoting C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1504, at 536 (1971)); *see also McColm v. S.F. Hous. Auth.*, 2008 WL 5054203, at *1 (N.D. Cal. Nov. 24, 2008).

Here, Plaintiffs seek leave to file a supplemental complaint addressing events occurring after the filing of their original claims. Specifically, Plaintiffs seek to allege new facts and raise new claims challenging the adoption and enforcement of AB 893, which is part of a larger scheme to end gun shows at the Venue—a scheme that includes the District's Moratorium already challenged here. What's more, AB 893 inflicts the same constitutional injuries on Plaintiffs as the District's Moratorium. To obtain full relief from AB 893, Plaintiffs require an injunction against both the state and local actors responsible for enforcing AB 893, as well as the District. Because the District cannot show that it will be unduly prejudiced by Plaintiffs addressing their disputes with AB 893 in this matter, this Court should grant Plaintiffs leave to supplement their complaint to do so.

**A.  Plaintiffs' Challenge to AB 893 Relates to the Claims Set Forth in the Original Pleading Because AB 893's Ban on Firearm and Ammunition Sales Is Part of the Same Unconstitutional Scheme to End Gun Shows at the Venue**

Plaintiffs originally sued the District, bringing several claims that its moratorium on gun shows at the Venue violates the First Amendment and Equal Protection Clause. Compl. ¶¶ 108-178. Finding that Plaintiffs met the requirements for a preliminary injunction on those claims, this Court preliminarily enjoined the District from enforcing the Moratorium and ordered the District to allow Plaintiff Crossroads to reserve dates for gun shows (and to hold those events) in 2019. Order re Mot. Dismiss at 2. In so doing, the Court found that Plaintiffs were likely to succeed on their First Amendment claims, reasoning that the "speech alleged to occur at gun shows includes pure speech that warrants full First Amendment protection"

and "[b]ecause the Moratorium regulates speech based on its content, it is subject to strict scrutiny," which the District likely could not meet. *Id.* at 17, 21-24. The Court also found Plaintiffs likely to succeed on their equal protection claim because the District "offers no evidence that gun shows pose a greater safety risk to the public than any other shows at the Fairgrounds," as is its burden. *Id.* at 25.

Since this Court issued the preliminary injunction, however, the State passed AB 893, effectively (and likely intentionally) circumventing the injunction and halting gun shows at the Venue once again. Indeed AB 893's legislative history confirms that this was, in fact, the bill's very purpose. *See, e.g.*, Req. Jud. Ntc., Ex. 2 (expressly citing this litigation, as well as the Court's preliminary injunction barring enforcement of the Moratorium and ordering the District to work with Crossroads to reserve and hold gun shows in 2019); *id.*, Ex. 4 at 3 (explaining that AB 893 is "needed" in order to "provide additional legal protection to the fair board [i.e., the District] for" adopting the Moratorium in 2018); *id.*, Ex. 4 at 6 (expressly recognizing that AB 893 would effectively prohibit gun shows at the Venue).

The State's adoption of AB 893 means that Plaintiffs can no longer sell any firearm or ammunition at the Venue. Cal. Food Argic. Code § 4158(a). While events for viewing and discussing guns could theoretically continue at the Venue, the ability to purchase firearms and ammunition is undeniably a major--if not the primary--draw for attendees of traditional gun shows. And the sale of firearms and ammunition is why a significant percentage of the vendors at Crossroads' gun shows at the Venue participate. *See* Redmon Decl. Supp. Pls.' Opp'n Mot. Dismiss & Supp. Pls.' Mot. Summ. J., ECF No. 14-14; Olcott Decl. Supp. Pls.' Opp'n Mot. Dismiss & Supp. Pls.' Mot. Summ. J., ¶¶ 7, 11, ECF No. 14-18. Admission and vendor fees thus make up a significant portion of Crossroads' budget for producing gun shows, and without that critical financial support, gun shows at the Venue will not be viable. This was not lost on the Legislature when it adopted AB 893. In fact, the Senate Public Safety Committee report acknowledges that ending gun shows at the Venue was indeed a

feature of the bill:

> This bill would add a section to the Food and Agricultural Code that prohibits the sale of firearms and ammunitions at the Del Mar Fairgrounds. By default, a violation of any provision of the Food and Agricultural code is a misdemeanor, unless otherwise specified. Therefore, this bill would effectively terminate the possibility for future gun shows at the Del Mar Fairgrounds.

Req. Jud. Ntc., Ex. 4 at 6. At best, AB 893 is simply part of the same unconstitutional scheme to banish gun shows from the Venue that the Moratorium was part of. At worst, it was an intentional effort by the State to circumvent this Court's preliminary injunction order ending the enforcement of the District's Moratorium, making supplementation (as opposed to a separate action) uniquely appropriate. *See Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964). But either way, Plaintiffs' proposed supplemental material is sufficiently related to the claims raised in the original pleading to justify leave to supplement.

   What's more, AB 893 raises the same constitutional issues the Moratorium raises. For, just like the Moratorium, AB 893 practically eliminates Plaintiffs' protected political speech and expressive conduct—conduct this Court has already recognized takes place at gun shows. Order re Mot. Dismiss at 17. The Legislature's findings in passing AB 893 expressly and repeatedly mention Plaintiffs' gun shows at the Venue, Pls.' Req. Jud. Ntc., Ex. 3, demonstrating that AB 893's purpose is to deliberately target Plaintiffs' gun shows and, consequently, the speech that takes place at those events. By specifically targeting Plaintiffs' gun shows in this way, AB 893 has the same purpose and practical effect as the District's Moratorium and is subject to strict scrutiny. That is so even though the new law purports to restrict only commerce. After all, gun shows are partially commercial events, but this Court nevertheless found the District's Moratorium also affected protected speech and expressive conduct. Order re Mot. Dismiss at 17, 19. The same applies here.

   Even assuming gun shows were able to continue without the sale of firearms or ammunition or that AB 893 did not restrict Plaintiffs' political speech or expressive

conduct, AB 893 is at minimum a ban on Plaintiffs' commercial speech, just like the Moratorium. This Court has not yet analyzed Plaintiffs' commercial speech challenges to the Moratorium because it found the higher standard of review for political speech applied. But the analysis would be the substantially the same. *See generally Nordyke v. Santa Clara Cty.*, 110 F.3d 707 (9th Cir. 1997).

\* \* \* \*

In sum, AB 893 is the State's blatant effort to create a loophole to this Court's preliminary injunction order, under the guise of regulating commerce. Even if that were not the case, AB 893 has that effect, making it a natural fit for inclusion in this matter. This case is already about a challenge to a gun show ban at the Venue. Rather than file an additional lawsuit to address injuries that are at least substantially similar to those claims already at issue, Plaintiffs request leave to supplement their complaint to include their challenges to AB 893. Because Plaintiffs' AB 893 challenge is directly related to the issues raised in the original complaint, and did not exist when it was filed, the Court should grant Plaintiffs' motion.

### B.    The District Is a Necessary (But Not Sufficient) Defendant in Plaintiffs' AB 893 Challenge

Unlike the Moratorium, which was the District's policy, AB 893 creates a criminal statute in California's Food and Agricultural Code. Cal. Food & Agric. Code § 4158(3). As such, Plaintiffs will need injunctive relief against all state and local actors responsible for enforcing the law. That means Plaintiffs must sue California's Attorney General, the San Diego District Attorney, Del Mar County Counsel, in their official capacities.

But an injunction against these state and local actors alone would not apply to the District because, as this Court has found, it is not a state actor. Injunctive relief against the District, however, is necessary for Plaintiffs to obtain effective relief from AB 893 not only because the District manages the Venue, Req. Jud. Ntc., Ex. 1 at 1, but also because the statute sought to be enjoined expressly names the District as an

8
MEMO. OF POINTS & AUTHORITIES ISO MOT. TO FILE SUPP. COMPLAINT
19cv0134

enforcement mechanism of the restriction on firearm and ammunition sales at the Venue, *see* Cal. Pen. Code § 4158(a) ("an officer, employee, operator, lessee, or licensee of the 22nd District Agricultural Association, as defined in Section 3873, shall not contract for, authorize, or allow the sale of any firearm or ammunition on the property or in the buildings that comprise the [Venue]."). Plaintiffs will thus need to include the state and local actors responsible for enforcement and prosecution of the law, as well as the District as separate defendants in their challenge to AB 893.

### C. No Party Will Be Unduly Prejudiced

Neither the District nor the individual state and local actors will be prejudiced by the filing of Plaintiffs' supplemental complaint. As explained above, all are indispensable parties to Plaintiffs' AB 893 challenge. The District will thus either continue to be a defendant in this matter or become a defendant in a new matter. Plaintiffs perceive no burden to the District in either scenario. To the contrary, bringing all of Plaintiffs' gun show ban claims in a single action conserves the resources of all parties and the Court.

### CONCLUSION

Because Plaintiffs seek to introduce new allegations of fact materializing subsequent to the filing of the original complaint, and because no prejudice will result, the Court should grant Plaintiffs' Motion for Leave to File Supplemental Complaint.

Dated: March 27, 2020          **MICHEL & ASSOCIATES, P.C.**

                               *s/ Anna M. Barvir*
                               Anna M. Barvir
                               Attorneys for Plaintiffs
                               Email: abarvir@michellawyers.com

9
MEMO. OF POINTS & AUTHORITIES ISO MOT. TO FILE SUPP. COMPLAINT
19cv0134

# CERTIFICATE OF SERVICE
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *B & L Productions, Inc., et al. v. 22nd District Agricultural Association, et al.*
Case No.: 3:19-cv-00134 CAB (NLS)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Xavier Becerra
Attorney General of California
P. Patty Li
Deputy Attorney General
E-mail: patty.li@doj.ca.gov
Natasha Saggar Sheth
Deputy Attorney General
E-mail: natasha.sheth@doj.ca.gov
Chad A. Stegeman
Deputy Attorney General
E-mail: chad.stegeman@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
   *Attorneys for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 27, 2020.

                                              *s/ Laura Palmerin*
                                              Laura Palmerin