UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & L PRODUCTIONS, INC. d/b/a CROSSROADS OF THE WEST et al., <br><br> Plaintiffs, <br><br> v. <br><br> 22ND DISTRICT AGRICULTURAL ASSOCIATION et al., <br><br> Defendants. | Case No.: 3:19-CV-134-CAB-AHG <br><br> **ORDER DENYING MOTION TO FILED SUPPLEMENTAL COMPLAINT** <br><br> [Doc. No. 40.] |

The Del Mar Fairgrounds (the "Fairgrounds") is owned by the state of California and managed by the board of directors of Defendant 22nd District Agricultural Association (the "District"). On September 11, 2018, the District voted to impose a moratorium on gun show events at the Fairgrounds for the calendar year 2019 (the "Moratorium"). [Doc. No. 1 at ¶ 94.] On January 21, 2019, Plaintiff B&L Productions, Inc. d/b/a Crossroads of the West ("Crossroads"), who operates gun show events at the Fairgrounds, and several other named plaintiffs consisting of entities and individuals who attend and participate in Crossroads gun show events at the Fairgrounds, filed this lawsuit to enjoin enforcement of the Moratorium and compel the District to allow Crossroads to hold gun shows at the Fairgrounds in 2019, and for compensatory and punitive damages.

On June 18, 2019, the Court entered a preliminary injunction that enjoined the District from enforcing the Moratorium and required the District to make available to Crossroads the next available dates for gun shows. [Doc. No. 23.] The order set deadlines for discovery and for motions for summary judgment, including a summary judgment hearing on September 26, 2019. [*Id.*] Since then, the parties filed four separate motions seeking extensions of these deadlines on the grounds that the parties were engaged in settlement discussions [Doc. Nos. 28, 31, 36, 38], with the extensions granted by the Court ultimately equaling almost a year. [Doc. No. 39.]

Plaintiffs now move to file a supplemental complaint to add claims concerning a state law, Assembly Bill 893 ("AB 893"), which was signed into law on October 11, 2019, and prohibits the sale of firearms and ammunition at the Fairgrounds beginning January 1, 2021. Upon consideration of the motion, Defendants' opposition, Plaintiffs' reply, and authority addressing a district court's discretionary authority with respect to motions for leave to supplement complaints under Federal Rule of Civil Procedure 15(d), the motion is denied.

"Although leave to supplement a complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure is liberally granted, as is leave to amend a complaint pursuant to Rule 15(a), such leave is properly denied where the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties." *Chandler v. James*, 783 F. Supp. 2d 33, 39 (D.D.C. 2011) (internal quotation marks and citations omitted). "Leave to file a supplemental pleading therefore may not be granted where the supplemental pleading involves a new and distinct claim that should be the subject of a separate suit." *Ramachandran v. City of Los Altos*, No. 18-CV-01223-VKD, 2020 WL 1914961, at *4 (N.D. Cal. Apr. 20, 2020).

Here, the new allegations and claims in the proposed supplemental complaint are only superficially related to the original complaint. The supplemental complaint asserts new claims against new parties, and it does not assert the claims from the original complaint

against the new parties. It concerns a state law that is entirely different from the Moratorium and seeks a remedy for a different alleged injury to Plaintiffs. None of the new factual allegations inform or relate to the allegations in the original complaint concerning the Moratorium. Likewise, few of the allegations concerning the Moratorium inform or relate to the claims concerning AB 893. Indeed, Plaintiffs' reply effectively concedes that the new claims it seeks to assert in the supplemental complaint are distinct and unrelated to the claims in the original complaint, admitting that they have no reason to believe that the District had anything to do with the passage of AB 893, and that the supplemental complaint should not prevent completion of a settlement in principle concerning the claims regarding the Moratorium. Thus, the supplemental complaint simply attempts to incorporate an entirely new lawsuit into this one, which the parties state has already been settled in principle.

In light of these circumstances, the Court finds that no judicial economy would be served by allowing Plaintiffs to supplement their complaint. To the contrary, judicial economy, and more expedient resolution of Plaintiffs' claims concerning AB 893, would be served by Plaintiffs filing a new lawsuit asserting those claims. Such a suit would not be bogged down, complicated, and delayed by the parties' continuing efforts to settle the claims in this lawsuit as it stands now. Moreover, despite Plaintiffs' representations to the contrary, the Court remains unconvinced that allowing this supplemental complaint will not further delay settlement of the original claims, discussions concerning which have already been ongoing for close to a year. Thus, for the foregoing reasons, Plaintiffs' motion to file a supplemental complaint is **DENIED**.

It is **SO ORDERED**.

Dated: April 27, 2020

Hon. Cathy Ann Bencivengo
United States District Judge