C.D. Michel-SBN 144258
Anna M. Barvir-SBN 268728
Tiffany D. Cheuvront-SBN 317144
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: cmichel@michellawyers.com
  *Attorneys for Plaintiffs B & L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Lawrence Walsh, Maximum Wholesale, Inc., California Rifle & Pistol Association, Incorporated, South Bay Rod and Gun Club, Inc.*

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
1645 Willow Street Suite 150
San Jose, CA 95125
Telephone: (408) 264-8489
Fax: (408) 264-8487
Email: Don@DKLawOffice.com
  *Attorney for Plaintiff Second Amendment Foundation*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & L PRODUCTIONS, INC., d/b/a CROSSROADS OF THE WEST, et al., <br><br> Plaintiffs, <br> v. <br><br> 22nd DISTRICT AGRICULTURAL ASSOCIATION, et al., <br><br> Defendants. | CASE NO.: 3:19-cv-00134-CAB-NLS <br><br> **PARTIES' JOINT NOTICE OF SETTLEMENT AND MOTION FOR DISMISSAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs B & L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Lawrence Walsh, Maximum Wholesale, Inc., California Rifle & Pistol Association, Incorporated, South Bay Rod and Gun Club, Inc., and Second Amended Foundation, ("Plaintiffs") and Defendant 22nd District Agricultural Association ("Defendant"), collectively

"Parties," have reached and circulated a settlement agreement to resolve the issues in the above-referenced case, which all parties have executed.

PLEASE TAKE FURTHER NOTICE THAT pursuant to Local Rule 7.2 and Federal Rule of Civil Procedures 41, the Parties, by and through their counsel of record, submit this joint motion for dismissal of Plaintiffs' claims against Defendant with prejudice, subject to the Court retaining jurisdiction for the purpose of enforcing the terms of the Parties' settlement agreement.

WHEREAS, at a public meeting held on September 11, 2018, the Defendant's Board of Directors voted not to consider any contracts with producers of gun show events beyond December 31, 2018, until such time as the District put into place a more thorough policy regarding the conduct of gun show events that considers certain criteria (the "September 2018 Policy").

WHEREAS, on January 21, 2019, Plaintiffs brought suit against Defendant in the above-named court under 42 U.S.C. §§ 1983 and 1985, seeking declaratory and injunctive relief, and as well as various types of money damages.

WHEREAS, in addition to the District, Plaintiffs originally sued Steve Shewmaker, former President of the District, in his official and individual capacity; Richard Valdez, Vice President of the District, in his official and individual capacity; and Karen Ross, Secretary of the California Department of Food & Agriculture, in her official capacity (collectively, "Individual Defendants"). By order dated June 18, 2019, the Court dismissed all claims against the Individual Defendants.

WHEREAS, the gravamen of Plaintiffs' complaint was that Defendant's September 2018 Policy violated Plaintiffs' rights to free speech, free association, and equal protection.

WHEREAS, Defendant denied Plaintiffs' claims.

WHEREAS, the Court, by order dated June 18, 2019, issued a preliminary injunction, enjoining the District "from enforcing the policy it adopted on

2

September 11, 2018, pursuant to which it refused to allow any gun show events to be held at the Del Mar Fairgrounds during the 2019 calendar year." The Court also ordered the District to allow Crossroads "to reserve dates for gun show events (and to hold such events) at the Fairgrounds as the District would any other show promoters who have previously held events at the Fairgrounds."

WHEREAS, in order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement agreement (attached hereto as Attachment 1).

NOW, THEREFORE, pursuant to the mutual agreement of the Parties, the Parties respectfully request that the Court enter an order:

1.      Dismissing with prejudice all claims asserted in Plaintiffs' Complaint for Monetary, Declaratory & Injunctive Relief (ECF No. 1), and dismissing this action without costs;

2.      Retaining jurisdiction to enforce the terms of the Parties' settlement agreement.


Dated: April 30, 2020          MICHEL & ASSOCIATES, P.C.

*s/ Anna M. Barvir*
Anna M. Barvir
*Attorneys for Plaintiffs B & L Productions, Inc., Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Lawrence Walsh, Maximum Wholesale, Inc., California Rifle & Pistol Association, Incorporated, South Bay Rod and Gun Club, Inc.*
Email: abarvir@michellawyers.com


Dated: April 30, 2020          LAW OFFICES OF DONALD KILMER, APC

*s/ Donald Kilmer*
Donald Kilmer
*Attorney for Plaintiff Second Amendment Foundation*
Email: Don@DKLawOffice.com

1

2    Dated: April 30, 2020              XAVIER BECERRA
                                       Attorney General of California
3                                      PAUL STEIN
                                       Supervising Deputy Attorney General
4
                                       *s/ P. Patty Li*
5                                      P. PATTY LI
                                       Deputy Attorney General
6                                      *Attorneys for Defendants 22nd District Agricultural*
                                       *Association, Steve Shewmaker, Richard Valdez, and*
7                                      *Karen Ross*
                                       Email: patty.li@doj.ca.gov
8

9

10               **ATTESTATION OF E-FILED SIGNATURES**

11        I, Anna M. Barvir, am the ECF User whose ID and password are being

12   used to file this Parties' Joint Notice of Settlement and Motion for Dismissal. In

13   compliance with Southern District of California Electronic Case Filing

14   Administrative Policies and Procedures Section 2(f)(4), I attest that Defendant's

15   Counsel P. Patty Li has concurred in this filing.

16

17                                     *s/ Anna M. Barvir*
                                       Anna M. Barvir
18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT NTC. OF SETTLEMENT & MTN. FOR DISMISSAL

# Attachment 1

## SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made and entered into between B&L Productions, Inc., d/b/a/ Crossroads of the West ("Crossroads"), Barry Bardack, Ronald J. Diaz, Sr., John Dupree, Christopher Irick, Lawrence Walsh, Maximum Wholesale, Inc., d/b/a Ammo Bros., California Rifle & Pistol Association, Incorporated, South Bay Rod and Gun Club, Inc., Second Amendment Foundation (collectively, "Plaintiffs"), and the 22nd District Agricultural Association ("District" or "Defendant").  All the parties to this Agreement may collectively be referred to as "the Parties."

**WHEREAS,** Plaintiffs and Defendant are the Parties to the action entitled *B&L Productions, Inc., et al. v. 22nd District Agricultural Association, et al.*, currently pending before the United States District Court for the Southern District of California (the "Court"), Case Number 19-CV-0134 (the "Action").

**WHEREAS,** the Parties, through counsel, have negotiated in good faith to resolve this matter on the terms set forth below with the Court retaining jurisdiction to enforce the settlement if necessary.

**WHEREAS**, the Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331 and 1343.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**WHEREAS,** Plaintiffs brought suit under 42 U.S.C. §§ 1983 and 1985, and the Court has subject matter jurisdiction over Plaintiffs' claims, which arise under federal law.  28 U.S.C. § 1331.

**WHEREAS,** the District is responsible for operating the San Diego County Fairgrounds ("Fairgrounds"), and is managed by a Board of Directors.  The District is a proper party to this action.

**WHEREAS**, at a public meeting held on September 11, 2018, the District's Board of Directors voted not to consider any contracts with producers of gun show

events beyond December 31, 2018 until such time as the District put into place a more thorough policy regarding the conduct of gun show events that considers certain criteria (the "September 2018 Policy").

**WHEREAS**, in addition to the District, Plaintiffs originally sued Steve Shewmaker, former President of the District, in his official and individual capacity; Richard Valdez, Vice President of the District, in his official and individual capacity; and Karen Ross, Secretary of the California Department of Food & Agriculture, in her official capacity (collectively, "Individual Defendants").  By order dated June 18, 2019, the Court dismissed all claims against the Individual Defendants.

**WHEREAS,** the Court, by order dated June 18, 2019, issued a preliminary injunction, enjoining the District "from enforcing the policy it adopted on September 11, 2018, pursuant to which it refused to allow any gun show events to be held at the Del Mar Fairgrounds during the 2019 calendar year."  The Court also ordered the District to allow Crossroads "to reserve dates for gun show events (and to hold such events) at the Fairgrounds as the District would any other show promoters who have previously held events at the Fairgrounds."

**WHEREAS**, Assembly Bill 893, Cal. Stats. 2019 Ch. 731 ("A.B. 893"), which was signed into law in October 2019, prohibits the sale of firearms or ammunition at the Fairgrounds, effective January 1, 2021.

**WHEREAS**, in order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement.

**WHEREAS**, on March 27, 2020, Plaintiffs filed in this Action a motion for leave to file a supplemental complaint.

**WHEREAS**, the Parties agree to work in a fair, reasonable, and

collaborative fashion under the terms of this Agreement as set forth below.

**NOW, THEREFORE**, in consideration of the mutual promises and releases set forth below, and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1.     This Agreement is a compromise and settlement of disputed claims and nothing contained in this Agreement is or shall be construed as an admission of any kind on the part of the District.  However, as this Agreement is a public record, the language and terms of the Agreement may not be excluded from evidence in any state or federal proceeding, except under applicable rules of civil procedure or evidence.

2.     The District will allow Crossroads to reserve dates for gun show events (and to hold such events) at the Fairgrounds as the District would any other show promoters who have previously held events at the Fairgrounds, so long as the District may lawfully contract for, authorize, or allow gun show events to take place at the Fairgrounds.  The security and operation requirements governing the December 2019 gun show will remain in place for future gun show events, subject to the provisions of Paragraphs 3 through 6 of this Agreement.

3.     The District maintains authority to evaluate, consider, propose, and implement changes to its policies, consistent with state and federal law, regarding the operation of all events at the Fairgrounds, including gun show events.  The District agrees that it will not preclude gun show events from taking place at the Fairgrounds while the process of evaluation and consideration is ongoing.  This process will involve good-faith consideration of input from members of the public and stakeholders, including Plaintiffs.  This paragraph does not preclude the District from postponing or rescheduling gun show events in the event of a public

health or other emergency, consistent with guidance or directives from local, state, or federal officials.

4.      Crossroads and the District will engage in extended, good-faith meet-and-confer efforts regarding any proposed changes to the security and operation requirements described in Paragraph 2 of this Agreement.  These efforts shall include, but are not limited to, communications between District staff and Crossroads staff, and communications between counsel for Crossroads and counsel for the District.  If Crossroads and the District are not able to resolve a dispute about a proposed change to the security and operation requirements described in Paragraph 2 of this Agreement, Crossroads and the District shall seek assistance in resolving the dispute from a third-party neutral, before seeking judicial or other relief, as described in Paragraphs 5 and 6 of this Agreement.  Crossroads and the District will jointly select the third-party neutral and shall equally share the cost of the third-party neutral's services.  The requirement to use a third-party neutral may be waived with the written consent of Crossroads and the District.  During any period that the Parties are engaged in active good faith efforts to resolve a dispute about a proposed change to the security and operation requirements described in Paragraph 2 of this Agreement, the status quo ante shall remain in full force and effect.  Nothing in this Paragraph shall limit the Parties' rights to seek judicial or other relief as to any claims unrelated to the security and operations requirements described in Paragraph 2 of this Agreement.

5.      If, after engaging in the process described in Paragraph 4 of this Agreement, Plaintiffs believe that changes to security and operations requirements governing future gun show events at the Fairgrounds violate the First Amendment or other constitutional or statutory provisions, nothing in this Agreement limits Plaintiffs' ability to seek judicial relief with respect to those requirements.

6.      Nothing in this Agreement limits any Party's ability to seek judicial or other relief regarding the operation of gun show events at the Fairgrounds after the Effective Date of this Agreement (as defined in Paragraph 12 of this Agreement).

7.      The District will pay Crossroads $221,900 to settle Plaintiffs' claims for damages, no later than 30 days after the Effective Date of this Agreement (as defined in Paragraph 12 of this Agreement).

8.      The District will pay Plaintiffs $284,100 to settle Plaintiffs' claims for attorneys' fees and costs, no later than 30 days after the Effective Date of this Agreement (as defined in Paragraph 12 of this Agreement).

9.      Nothing in this Agreement is intended or shall be construed to release, discharge, or dismiss any claim(s) of any Plaintiff regarding A.B. 893 or any future law or policy not presently in existence.  If any Plaintiff files a constitutional or statutory challenge to A.B. 893 in the United States District Court for the Southern District of California that names the District as a defendant, the District will not oppose any designation of that lawsuit as a related action to this Action.

10.      This Agreement is the result of a compromise of disputed claims arising from the District's September 2018 Policy asserted by Plaintiffs in this Action, and is intended to be a full and complete settlement, discharge and release of all such claims.  None of the Parties admits to nor concedes any liability or wrongdoing whatsoever.

11.      No action carried out in accordance with this Agreement is intended to modify or violate the provisions of A.B. 893.

### *Enforcement and Term*

12.      The Parties acknowledge and agree that this Agreement shall not become effective until (1) this Agreement has been approved by the District's Board of Directors; (2) this Agreement has been approved by the California Department of Food and Agriculture in accordance with California Food &

Agriculture Code section 4051.2; and (3) the Court has dismissed the Action as described hereafter in this paragraph. The Parties further agree that within three (3) business days after the later of (a) the approval of this Agreement by the District's Board of Directors, (b) the approval of this Agreement by the California Department of Food and Agriculture in accordance with California Food & Agriculture Code section 4051.2, or (c) an order of the Court granting or denying Plaintiffs' March 27, 2020 motion for leave to file a supplemental complaint, the Parties will submit to the Court for its signature and approval a stipulated order which either (i) dismisses with prejudice all claims asserted in the original complaint filed in this Action (ECF No. 1), or (ii) dismisses with prejudice Causes of Action 1 through 7 of the supplemental complaint and strikes from the Prayer for Relief portion of the supplemental complaint Paragraphs 1-7, 14, 18, and the first sentence of Paragraph 16 (ending with "July 5, 2018"), but retains the Court's jurisdiction to enforce this Agreement if necessary. This Agreement shall take effect once the Court has either (i) dismissed with prejudice all claims asserted in the original complaint filed in this Action (ECF No. 1), or (ii) dismissed with prejudice Causes of Action 1 through 7 of the supplemental complaint and stricken from the Prayer for Relief portion of the supplemental complaint Paragraphs 1-7, 14, 18, and the first sentence of Paragraph 16 (ending with "July 5, 2018"), and retained jurisdiction to enforce this Agreement (the "Effective Date").

13.     Nothing in this Agreement constitutes a consent or waiver of objections by the District, any previously dismissed defendants, or any defendants named in a supplemental complaint, to the filing of a supplemental complaint in this Action.

14.     The Parties agree to work cooperatively to ensure that the Court retains jurisdiction over this Action and to enter such further relief as may be necessary for the effectuation of the terms of this Agreement.

15.     Except as specified in Paragraphs 7 and 8 above, each party shall bear its own costs and fees in connection with the Action.

16.     The signatories to this Agreement represent that they are authorized to execute and bind themselves or their respective organizations or agencies to this Agreement.

### *Releases*

17.     Except for claims to enforce the terms of this Agreement, and in consideration of the mutual promises set forth in this Agreement:

     (a)  Plaintiffs hereby release and discharge the District and each of its predecessors-in-interest, successors-in-interest, divisions, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, affiliates under common ownership, executors, heirs, administrators, parents, officers, managers, shareholders, directors, employees, insurers, attorneys, agents and each of their respective successors and assigns from any and all liabilities, actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, promises, acts, costs, expenses (including, but not limited to, reasonable attorneys' fees), damages, judgments and demands, contingent or vested, in law or equity, Plaintiffs ever had or now have against the District arising out of or relating to the District's September 2018 Policy, from the beginning of the world through the Effective Date of this Agreement.

     (b)  The District hereby releases and discharges the Plaintiffs and each of their predecessors-in-interest, successors-in-interest, divisions, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, affiliates under common ownership, executors, heirs,

administrators, parents, officers, managers, shareholders, directors, employees, insurers, attorneys, agents and each of their respective successors and assigns from any and all liabilities, actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, promises, acts, costs, expenses (including, but not limited to, reasonable attorneys' fees), damages, judgments and demands, contingent or vested, in law or equity, the District ever had or now have against Plaintiffs arising out of or relating to the District's September 2018 Policy, from the beginning of the world through the Effective Date of this Agreement.

18.    Nothing in this Agreement is intended or shall be construed to release or discharge any claim(s) of the California Attorney General, or any officer or agency of the State of California, other than the District.

### *Entire Agreement*

19.    This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein.  No supplementation, modification, waiver, or termination of this Agreement shall be binding unless executed in writing by the Party to be bound thereby.

### *Counterparts*

20.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one document.

**Accepted and Agreed:**

B&L Productions, Inc.

By: _Gregg Olcott_____
Its: _President_____

Maximum Wholesale, Inc.

By: _____
Its: _Chief Operations Officer_

California Rifle & Pistol Association, Inc.

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

By:_____
Its:_____

22nd District Agricultural Association

By:_____
Its:_____

_____
Barry Bardack

_____
Ronald J. Diaz, Sr.

_____
John Dupree

_____
Christopher Irick

_____
Lawrence Walsh

Second Amendment Foundation

By:_____
Its:_____

**Accepted and Agreed:**

B&L Productions, Inc.

_____
Barry Bardack

By:_____
Its:_____

_____
Ronald J. Diaz, Sr.

Maximum Wholesale, Inc.

_____
John Dupree

By:_____
Its:_____

_____
Christopher Irick

California Rifle & Pistol Association, Inc.

_____
Lawrence Walsh

By:_____
Its:   Vice President_____

South Bay Rod and Gun Club, Inc.          Second Amendment Foundation

By:_____ Jon Sivell   4-16-2020           By:_____
Its:_____ Treasurer_____         Its:_____

22nd District Agricultural Association

By:_____
Its:_____

9

**Accepted and Agreed:**

B&L Productions, Inc.

*Barry Bardack* (signature)

Barry Bardack

By:_____
Its:_____

Ronald J. Diaz, Sr.
_____

Maximum Wholesale, Inc.

John Dupree
_____

By:_____
Its:_____

Christopher Irick
_____

California Rifle & Pistol Association, Inc.

Lawrence Walsh
_____

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

Second Amendment Foundation

By:_____
Its:_____

By:_____
Its:_____

22nd District Agricultural Association

By:_____
Its:_____

**Accepted and Agreed:**

B&L Productions, Inc.

By:_____
Its:_____

Maximum Wholesale, Inc.

By:_____
Its:_____

California Rifle & Pistol Association, Inc.

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

By:_____
Its:_____

22nd District Agricultural Association

By:_____
Its:_____

_____
Barry Bardack

_Ronald J. Diaz, Jr._
_____
Ronald J. Diaz, Sr.

_____
John Dupree

_____
Christopher Irick

_____
Lawrence Walsh

Second Amendment Foundation

By:_____
Its:_____

9

**Accepted and Agreed:**

B&L Productions, Inc.

_____
Barry Bardack

By:_____
Its:_____

_____
Ronald J. Diaz, Sr.

Maximum Wholesale, Inc.

_____
John Dupree

By:_____
Its:_____

_____
Christopher Irick

California Rifle & Pistol Association, Inc.

_____
Lawrence Walsh

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.          Second Amendment Foundation

By:_____          By:_____
Its:_____          Its:_____

22nd District Agricultural Association

By:_____
Its:_____

**Accepted and Agreed:**

B&L Productions, Inc.

By:_____
Its:_____

Maximum Wholesale, Inc.

By:_____
Its:_____

California Rifle & Pistol Association, Inc.

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

By:_____
Its:_____

22nd District Agricultural Association

By:_____
Its:_____

_____
Barry Bardack

_____
Ronald J. Diaz, Sr.

_____
John Dupree

_____
Christopher Irick

_____
Lawrence Walsh

Second Amendment Foundation

By:_____
Its:_____

9

**Accepted and Agreed:**

B&L Productions, Inc.

_____
Barry Bardack

By:_____
Its:_____

_____
Ronald J. Diaz, Sr.

Maximum Wholesale, Inc.

_____
John Dupree

By:_____
Its:_____

_____
Christopher Irick

California Rifle & Pistol Association, Inc.

_Lawrence Walsh_ (signature)
Lawrence Walsh

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

Second Amendment Foundation

By:_____
Its:_____

By:_____
Its:_____

22nd District Agricultural Association

By:_____
Its:_____

9

**Accepted and Agreed:**

B&L Productions, Inc.

_____
Barry Bardack

By:_____
Its:_____

_____
Ronald J. Diaz, Sr.

Maximum Wholesale, Inc.

_____
John Dupree

By:_____
Its:_____

_____
Christopher Irick

California Rifle & Pistol Association, Inc.

_____
Lawrence Walsh

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.

Second Amendment Foundation

By:_____
Its:_____

By: _____
Its: _____ATTORNEY of RECORD

22nd District Agricultural Association

By:_____
Its:_____

9

**Accepted and Agreed:**

B&L Productions, Inc.

_____
Barry Bardack

By:_____
Its:_____

_____
Ronald J. Diaz, Sr.

Maximum Wholesale, Inc.

_____
John Dupree

By:_____
Its:_____

_____
Christopher Irick

California Rifle & Pistol Association, Inc.

_____
Lawrence Walsh

By:_____
Its:_____

South Bay Rod and Gun Club, Inc.          Second Amendment Foundation

By:_____          By:_____
Its:_____          Its:_____

22nd District Agricultural Association

By:_____
Its:_____

9

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *B & L Productions, Inc., et al. v. 22nd District Agricultural Association, et al.*
Case No.: 3:19-cv-00134 CAB (NLS)

IT IS HEREBY CERTIFIED THAT:

      I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

      I am not a party to the above-entitled action. I have caused service of:

**PARTIES' JOINT NOTICE OF SETTLEMENT
AND MOTION FOR DISMISSAL**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Xavier Becerra
Attorney General of California
P. Patty Li
Deputy Attorney General
E-mail: patty.li@doj.ca.gov
Natasha Saggar Sheth
Deputy Attorney General
E-mail: natasha.sheth@doj.ca.gov
Chad A. Stegeman
Deputy Attorney General
E-mail: chad.stegeman@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
    *Attorneys for Defendants*

      I declare under penalty of perjury that the foregoing is true and correct.

Executed April 30, 2020.

                 *s/ Laura Palmerin*
                 Laura Palmerin